UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDNA E. GALVEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>              Defendant. | No.  CV 13-971-PLA<br><br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on February 15, 2013, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on March 20, 2013. Pursuant to the Court's Order, the parties filed a Joint Stipulation on October 25, 2013, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on May 4, 1953. [Administrative Record ("AR") at 102, 247.] She has a sixth grade education, and past relevant work experience as a hand packager and an in-home care provider. [AR at 38-40, 71-72, 252, 256, 266.]

Plaintiff filed an application for Disability Insurance Benefits on June 4, 2008,[1] alleging that she has been unable to work since June 27, 2003, due to a lower back injury, arthritis, diabetes, high blood pressure, anxiety, and depression. [AR at 111, 214-17, 247, 251.] After her application was denied initially, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 128-29, 130-34.] A hearing was held on April 7, 2010, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 64-81.] A vocational expert ("VE") also testified. [AR at 77-80.] On May 25, 2010, the ALJ determined that plaintiff was not disabled. [AR at 111-17.] On May 26, 2011, the Appeals Council granted plaintiff's request for review of the decision and remanded for further administrative proceedings. [AR at 123-24, 171-72.] Specifically, the Appeals Council directed the ALJ, on remand, to: (1) consider whether plaintiff presented new and material evidence to overcome the presumption of nondisability resulting from the ALJ's April 10, 2008, decision denying her prior application for benefits; and (2) further consider plaintiff's maximum residual functional capacity. [AR at 24, 124.] On February 13, 2012, a second hearing was held before an ALJ. [AR at 35-53.] On April 6, 2012, the ALJ issued a decision finding that plaintiff was not disabled. [AR at 24-30.] When the Appeals Council denied plaintiff's request for review of the ALJ's April 6, 2012, decision, that decision became final. [AR at 1-7, 15.] This action followed.

/

---

[1] Plaintiff previously filed another application for benefits that was denied in a written decision by an Administrative Law Judge on April 10, 2008. [See AR at 88-92.] While plaintiff's appeal of the April 10, 2008, decision was pending in the Appeals Council, she filed the instant application on June 4, 2008. On April 7, 2009, the Appeals Council denied plaintiff's request for review of the April 10, 2008, decision. [AR at 104.] Plaintiff did not appeal that decision. [See AR at 111.]

2

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A.   THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the

claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since her alleged disability onset date, June 27, 2003.[2] [AR at 26.] At step two, the ALJ concluded that plaintiff has the severe impairments of diabetes mellitus, lumbar degenerative disc disease, and osteoarthritis of the right knee. [AR at 27.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets

---

[2]   The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through June 30, 2009. [AR at 26.]

4

or medically equals any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform the full range of "light work" as defined in 20 C.F.R. § 404.1567(b).[4] [Id.] At step four, based on plaintiff's RFC and the VE's testimony, the ALJ concluded that plaintiff is capable of performing her past relevant work as a hand packager as she actually performed the job. [AR at 29.] Accordingly, the ALJ determined that plaintiff has not been disabled at any time from June 27, 2003, through June 30, 2009, her date last insured.[5] [Id.]

## V.
## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ's determination that she performed her past relevant work as a hand packager at the light level is not supported by substantial evidence. [JS at 5-10, 15-16.] As explained below, the Court agrees with plaintiff and remands for an award of benefits.

At step four, the ALJ must determine whether plaintiff's RFC allows her to return to her past relevant work. Lester, 81 F.3d at 828 n.5; 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[4] 20 C.F.R. § 404.1567(b) defines "light work" as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls."

[5] The ALJ also found that plaintiff "failed to establish any new and material evidence relating to her [RFC], education or work experience that would prove she experienced a 'changed circumstance' showing disability in order to overcome the *res judicata* effect" of the April 10, 2008, decision. [AR at 24-25.] See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) ("The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability.") (citation omitted). However, because the ALJ assessed a more restrictive RFC in the instant decision than in the April 10, 2008, decision [compare AR at 27 with AR at 90], plaintiff has met her burden of proving changed circumstances sufficient to overcome the presumption of nondisability arising from the April 10, 2008, decision. See Lester, 81 F.3d at 827-28 (explaining that the presumption of nondisability may be overcome by a showing of changed circumstances, such as new and material changes to the claimant's RFC, age, education, or work experience).

Plaintiff has the burden of establishing that she cannot "return to [her] former *type* of work and not just to [her] former job." Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986) (emphasis in original); see also Terry v. Sullivan, 903 F.3d 1273, 1275 (9th Cir. 1990) ("The burden of establishing disability is initially on the claimant, who must prove that she is unable to return to her former type of work.") (citation omitted). To support a step four finding that plaintiff is capable of performing past relevant work, the ALJ must make findings of fact regarding plaintiff's RFC, the physical and mental demands of plaintiff's past work, and whether plaintiff can return to her past relevant work "either as actually performed or as generally performed in the national economy." Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002); Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

When determining how a job is generally performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ("DOT") or a vocational expert. See Social Security Ruling[6] ("SSR") 82-62; Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The DOT raises a presumption as to job classification requirements. See Johnson, 60 F.3d at 1435; see also Pinto, 249 F.3d at 845-46 ("the best source for how a job is generally performed is usually the [DOT]") (internal citations omitted). Alternatively, to assess the exertional and non-exertional demands of a claimant's past relevant work as actually performed, the SSRs provide that the ALJ may rely upon two sources of information: a properly completed Form SSA–3369 (Work History Report) and the claimant's own testimony. Pinto, 249 F.3d at 845 ("[The SSRs] name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41."). A claimant is typically the primary source for determining how a job was actually performed. See SSR 82-62; see also Pinto, 249 F.3d at 847 (citing SSR 82-62).

---

[6] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

1    In an undated Work History Report, plaintiff indicated that at her job as a hand packager she
2    stood for eight hours each day, and often crouched, stooped, and reached. [AR at 267.] She also
3    stated that she "pushed boxes," and indicated in a checkbox that the heaviest weight she "lifted"
4    was "25 lbs - 50 lbs," and that she frequently lifted "20 lbs - 25 lbs." [Id.]

5    In a 2008 Disability Report, completed by a Social Security Administration employee based
6    on an interview with plaintiff, plaintiff's job as a hand packager is described as requiring plaintiff to
7    stand for a total of six hours, sit for two hours, stoop for eight hours, crouch for eight hours, and
8    "write, type or handle small objects" for eight hours. [AR at 252.] Moreover, "N/A" or "not
9    applicable" is indicated in the space provided to answer the following questions: "Lifting and
10   Carrying," "Heaviest weight lifted," and "Weight you frequently lifted." [Id.]

11   At the hearing on February 13, 2012, plaintiff testified about the physical requirements of
12   her past job as a hand packager, stating that it involved closing and then "mostly" pushing onto
13   a rail -- but "not lifting" -- boxes that were 25 pounds "and up." [AR at 39-40.] Plaintiff explained
14   that she "would close the box and it would go on the rail," and that she did this job standing "most
15   of the time" and did not have the opportunity to sit. [AR at 40.]

16   After listening to plaintiff's description of her past work, the VE testified at the hearing as
17   follows: "[Plaintiff] was a hand packager, DOT 920.587-018. This work is described by the DOT
18   as medium, unskilled work . . . . However, per [plaintiff]'s testimony I believe[] she performed this
19   at the light level because it doesn't take more than 20 pounds of force to move a box on an
20   assembly line." [AR at 51-52.]

21   Contrary to the VE's conclusion, which was adopted without explanation by the ALJ, plaintiff
22   contends that she performed her previous relevant work as a hand packager at the medium level,
23   consistent with the way the job is generally performed as defined in the DOT, and consistent with
24   plaintiff's own descriptions of the work as provided in her Work History Report, her Disability
25   Report, and her testimony before the ALJ. [JS at 5-10; see AR at 40, 252, 267.] Plaintiff
26   consistently described her job as requiring that she frequently push boxes weighing 20-25 pounds

7

from a standing position for her entire eight-hour workday. [AR at 40, 252, 267.][7] A review of the forms and plaintiff's testimony reveals that plaintiff described the physical requirements of her past work as a hand packager in a manner that comports with the DOT's definition of medium work. See United States Dep't of Labor, Dictionary of Occupational Titles (4th ed. Rev. 1991) Appendix C, Physical Demands -- Strength Rating.

While the ALJ relied on the VE's classification of plaintiff's work as actually performed to support her determination that plaintiff performed the position at the light level, the VE's testimony in this regard appears to have been in error. [AR at 29.] Specifically, the VE testified that plaintiff's work as a hand packager as actually performed was "light," "because it doesn't take more than 20 pounds of force to move a box on an assembly line." [AR at 51.] However, even assuming that plaintiff's work required the frequent exertion of only 20 pounds of force to move the boxes, this requirement comports with the DOT's description of medium work, not light work. Specifically, Appendix C to the DOT defines "medium work" as: "[e]xerting 20 to 50 pounds of force occasionally, and/or *10 to 25 pounds of force frequently*, and/or greater than negligible up to 10 pounds of force constantly to move objects." DOT, Appendix C (emphasis added). Light work, on the other hand, is defined as "[e]xerting up to 20 pounds of force occasionally, and/or *up to 10 pounds of force frequently*, and/or a negligible amount of force constantly . . . to move objects." Id. (emphasis added). Thus, if plaintiff's work involved frequently exerting force to move boxes, as her testimony established and no contrary evidence challenges, then any amount of force greater than 10 pounds would suffice to render the work actually performed as being at the "medium" level. See id. Nothing has been presented to overcome the DOT's job classification

---

[7] Defendant asserts that plaintiff's "testimony is not 'virtually identical' to the vocational forms[] she completed." [JS at 12.] In particular, in the 2008 Disability Report, the responses to questions about lifting were marked as "not applicable," i.e., plaintiff did not perform lifting. [AR at 252.] In her Work History Report, when asked to describe what she lifted, plaintiff instead specifically stated that she "pushed" boxes. [AR at 267.] While she also checked answers indicating that she lifted 20-25 pounds frequently and 25-50 pounds occasionally, those questions did not provide for any alternatives to the term "lifting." [See AR at 252, 267.] The Court thus finds consistent plaintiff's Work History Report, the 2008 Disability Report, and plaintiff's in-person testimony that she "was not lifting," but rather "mostly pushing" boxes that she estimated weighed 25 pounds or more. [See AR at 39.]

8

presumption in this regard, or to disregard the SSR's two primary sources of information (Work History Report and a claimant's testimony) to establish the actual demands of plaintiff's past employment. For these reasons, the Court agrees with plaintiff that the ALJ's conclusion that plaintiff's work was actually performed at the light level -- contrary to the DOT's description of medium work -- is not supported by substantial evidence.

In sum, the ALJ's step four determination that plaintiff could perform her past relevant work as a hand packager as she actually performed the job is not supported by substantial evidence.

## VI.
## REMAND FOR AWARD OF BENEFITS

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Where substantial evidence does not support the Commissioner's decision, the Court may reverse and remand for payment of benefits. See id. "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Specifically:

> the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. Where these criteria are met, remanding for further proceedings would only "unnecessarily extend [the plaintiff's] long wait for benefits." Id. at 595.

Here, an award of benefits is appropriate. In particular, while the ALJ assessed plaintiff with an RFC for light work [AR at 27], as discussed above, it is clear from the record that plaintiff actually performed her past job as a hand packager at the medium level. As a result, based on plaintiff's RFC and the VE's testimony, plaintiff cannot perform her past relevant work either as generally performed or as she actually performed the job.

Moreover, at step five, if a plaintiff only suffers from exertional limitations, the ALJ must consult the Medical Vocational Guidelines, or grids, to determine whether or not the plaintiff is disabled.[8] Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989) (citing 20 C.F.R. part 404, subpart P, app. 2). "In such cases, the rule is simple: the grids provide the answer. Where the grids dictate a finding of disability, the claimant is eligible for benefits; where the grids indicate that the claimant is not disabled, benefits may not be awarded." Id. Here, because the ALJ determined that plaintiff retained the RFC for a full range of light work and has no nonexertional limitations, application of the grids is appropriate. [AR at 27.] Because plaintiff's RFC is limited to light work, she is considered under Table No. 2 of the grids. See 20 C.F.R. part 404, subpt. P, app. 2. In addition, she is considered a "person of advanced age" because she was over 55 years old on the date of her application. [See AR at 102, 247]; 20 C.F.R. § 404.1563(e). Plaintiff's sixth grade education is considered "marginal," and her prior work experience as a hand packager is classified as unskilled. [See AR at 38, 51, 71, 256]; 20 C.F.R. § 404.1564(b)(2). Considering plaintiff's RFC and vocational factors, a finding of disability is dictated by either grid rule 202.01 or 202.02. See 20 C.F.R. part 404, subpt. P, app. 2, §§ 202.01 (dictating a finding of disability for a claimant with an RFC for light work, who is a person of advanced age with an education classified as limited or less, and has unskilled or no previous work experience); 202.02 (dictating a finding of disability for a claimant with an RFC for light work, who is a person of advanced age with an education classified as limited or less, and has skilled or semi-skilled work experience with no transferable skills).

/

---

[8] "The grids categorize jobs by their physical-exertional requirements and consist of three separate tables [--] one for each category: '[m]aximum sustained work capacity limited to sedentary work,' '[m]aximum sustained work capacity limited to light work,' and '[m]aximum sustained work capacity limited to medium work.' Each grid presents various combinations of factors relevant to a claimant's ability to find work. The factors in the grids are the claimant's age, education, and work experience. For each combination of these factors, e.g., fifty years old, limited education, and unskilled work experience, the grids direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir.1999) (citations and footnote omitted).

## VII.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for the award of benefits is **granted;** (2) the decision of the Commissioner is **reversed;** and (3) this action is **remanded** to defendant for the award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: November 14, 2013

                                  PAUL L. ABRAMS
                      UNITED STATES MAGISTRATE JUDGE